# WILLIAM E. PURDY

## v.

# THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa January 18, 1892.*

1. CRIMINAL LAW—*conviction on circumstantial evidence.* Before a conviction can properly be had upon purely circumstantial evidence, the guilt of the accused must be so thoroughly established as to exclude every reasonable hypothesis of his innocence.

2. SAME—*defendant's testimony—his credibility a question for the jury.* In a criminal case the jury are the judges of the facts, and of the credibility of the witnesses, and of the weight of the evidence. The defendant may testify in his own behalf, and if he does, the jury may take into consideration his interest in the event of the prosecution, but otherwise he stands upon the same footing with any other witness.

3. SAME—*conduct of defendant on the witness stand and during trial—how far evidence.* A person charged with crime can be examined as a witness only at his own request, and so when he voluntarily assumes the character of a witness it is proper to apply to him the rules which apply to other witnesses. Therefore it is held that the jury may consider his demeanor and conduct while upon the stand, in determining his credibility, but it has never been held that his conduct and demeanor during the trial, while not being examined as a witness, can be considered or be regarded in the light of evidence against him.

4. Where a defendant in a criminal case testified in his own behalf, the court, in instructing the jury, told them that in determining the degree of credibility that should be accorded to his testimony, they had the right to take into consideration not only his demeanor and conduct while on the witness stand, but also his demeanor and conduct during the trial: *Held,* that the latter part of the instruction was erroneous. The demeanor and conduct of the defendant during the trial, when not testifying, is no part of the evidence.

5. SAME—*evidence—proof of testimony before the coroner's jury.* On the trial of one for murder, several of the People's witnesses stated, some on their direct examination and some on their re-examination, over defendant's objection, what they had testified to at the coroner's inquest, and like statements were made by several witnesses in their cross-examination. The defendant asked this instruction : "The court instructs the jury that what any witness or witnesses may have testified before the coroner's inquest is no evidence of the guilt of the defendant in this case," which was refused : *Held,* that the refusal was error.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JULIUS GRINNELL, Judge, presiding.

Mr. ORLANDO BRIGGS, for the plaintiff in error:

Mere circumstantial evidence ought in no case to be relied on, when direct and positive evidence which might have been given is willfully withheld by the prosecutor. Where direct evidence is attainable, circumstantial evidence is of a secondary nature; and, besides this, the great excellence of indirect evidence is its freedom from suspicion, and no greater discredit can be thrown upon it than by the withholding of direct evidence.

What occurred at the time and place of the killing between the deceased and his slayer is not shown by the evidence, save as inferences may be drawn from the position and condition of the dead body and its surroundings at the place where found.

If circumstantial evidence is introduced to connect the defendant with the criminal act, the circumstantial facts themselves must be connected with the defendant, or they will be incompetent evidence. *People* v. *Kennedy,* 32 N. Y. 141.

It is essential that the circumstances should, when taken as a whole, actually exclude every hypothesis but the one proposed to be proved. *Commonwealth* v. *Webster,* 5 Cush. 313; *People* v. *Cunningham,* 6 Park. Cr. 608; *People* v. *Kennedy,* 32 N. Y. Ct. of App. 141; Best on Pres. sec. 210, rule 111; 1 Starkie on Evidence, 577; Burrell on Circum. Evidence, 728-738.

In the seventh instruction the court instructed the jury that in determining the degree of credibility that should be accorded to the testimony of the defendant, they had the right to take into consideration the demeanor and conduct of the defendant while on the witness stand and during the trial. The jury were sworn to try the issue and decide according to the law and the evidence. The conduct of defendant during the trial was not evidence to be considered by the jury.

The court also directed the jury that they were to take into consideration the fact, if such was the fact, that the defendant had been contradicted by other witnesses, without regard to the credibility of such other witnesses, and without regard to the materiality as to the matter in which the defendant had been contradicted.

Mr. George Hunt, Attorney General, for the People.

Mr. Justice Baker delivered the opinion of the Court:

William E. Purdy, the plaintiff in error, was indicted and tried in the Criminal Court of Cook county for the murder of Samuel Reininger, and was convicted and sentenced to be executed.    The criminating evidence was all circumstantial. The rule in such case is, that before a conviction can properly be had, the guilt of the accused must be so thoroughly established as to exclude every other reasonable hypothesis.    Here, the evidence for the prosecution was not of an entirely satisfactory character, but probably sufficient, if little or no weight be given to that for the defense, to sustain a conviction.    Said evidence clearly shows that prior to and immediately up to the day of the death of the deceased the relations existing between him and the accused were most intimate and friendly, and the conduct of the latter after such death, as shown by said evidence, was not, in many respects, that which would naturally be expected in a guilty man.    The only testimony introduced by the defense was that of the defendant himself. His statements upon the witness stand were in the main consistent with prior statements made by him, and wherein there were any discrepancies he made either reasonable or plausible explanations of the same.    His account of the transactions involved was in most respects not inconsistent with the facts and circumstances in proof, and in many respects was corroborated by them.

In a criminal case the jury are the judges of the facts, and of the credibility of the witnesses, and of the weight of the

evidence, and in such case a defendant is, under our statute, a competent witness in his own behalf. By express provision of the statute the jury may take into consideration his interest in the event of the prosecution, but otherwise than this he stands upon the same footing with any other witness. It was, without doubt, the intention of the statute to confer upon defendants a substantial right and benefit. Under it, a person charged with crime has the right to submit his testimony to the jurors, and have them judge of it, and of his credibility.

The seventh of the instructions given at the instance of the People was as follows:

"The court instructs the jury, as a matter of law, that in this State the accused is permitted to testify in his own behalf; that when he does so testify he at once becomes the same as any other witness, and his credibility is to be tested by and subjected to the same tests as are legally applied to any other witness; and in determining the degree of credibility that shall be accorded to his testimony, the jury have a right to take into consideration the fact that he is interested in the result of this prosecution, as well as his demeanor and conduct on the witness stand and during the trial; and the jury are also to take into consideration the fact, if such is the fact, that he has been contradicted by other witnesses. And the court further instructs the jury, that if, after considering all the evidence in the case, they find that the accused, or any other witness, has willfully and corruptly testified falsely to any fact material to the issue in this case, they have the right to entirely disregard their testimony, except in so far as their testimony is corroborated by other credible evidence in the case."

It is to be noted that by this instruction the jury were told that in determining the degree of credibility that should be accorded to the testimony of the defendant, they had a right to take into consideration not only his demeanor and conduct while on the witness stand, but also *his demeanor and conduct during the trial.* The jury were sworn to try the issue submitted

4—140 ILL.

to them according to the law and the evidence, and most as-
suredly the demeanor and conduct of the defendant during the
progress of the trial, and while he was not a witness upon the
stand, were no part of the evidence in the case, Evidence
may be introduced which was not anticipated; a witness may
greatly exaggerate a trifling circumstance, or may deliberately
make a misstatement; a witness may fail to testify to a fact
which the defendant fully believed was within the knowledge of
such witness and would be stated by him; exaggerated denun-
ciation may be indulged in by attorneys; the presiding judge
may decide contrary to the expectations of the defendant in
respect to the admissibility of certain evidence, or may rule a
point of law against him. Under these and other like circum-
stances a prisoner, and especially in a trial where his life was
at stake, might frequently, and especially so if he was not a
hardened criminal, demean himself while under the influence
of his disappointment, fears and feelings, in such a manner
as that an observer would regard his conduct and demeanor
as indicative of guilt. It would be illogical and unjust, under
circumstances such as stated, to deduce a conclusion unfavor-
able to the defendant.

It has very frequently been held that a jury may, in deter-
mining the credibility of witnesses, consider their demeanor
and conduct while upon the witness stand, and there is reason
in such holding. A person charged with crime can be exam-
ined as a witness only at his own request; and so when he
voluntarily assumes the character of a witness, it is proper to
apply to him the rules which apply to other witnesses. But
we are not advised that it has ever been adjudicated or held
that the conduct and demeanor of a defendant during his trial
for crime, when he is not examined as a witness, or while he
is not being examined as a witness, is to be regarded in the
light of evidence, or that it can be taken into consideration by
the jury in arriving at a verdict. In two instances within the
knowledge and recollection of the writer of this opinion men

on trial for grave crimes have made assaults upon witnesses who testified against them, and this during the trials and in the presence of the jury. Assuming that in such cases the defendants were examined as witnesses in their own behalf, it would have been unjust, and highly detrimental to the rights of said defendants, if the trial judge had instructed that in determining the degree of credibility that should be accorded to the testimony of such defendants the jury had the right to take into consideration the demeanor and conduct of said defendants during their trials. We think that it is improper to authorize a jury to consider, in arriving at a verdict, anything that is other than the law or the evidence in the case.

As we have already said, it was the legislative intention that the statute permitting a person charged with crime to testify as a witness in his own behalf should confer upon him a substantial right and benefit, and that under it such person should have the right to submit his testimony to the jury and have them judge of his credibility. He should be permitted to avail himself of this right without having it influenced and impaired by suggestions of the court permitting or directing the jury, in passing upon the question of his credibility, to take into consideration elements which are improper to be considered in that behalf, or by suggestions which are likely to mislead them to the detriment of the defendant. In the case at bar the issue was one of life and death. There was no witness to testify for defendant except himself. The question of his credibility was literally a question of vital importance to him. If the evidence of the prosecution made out a *prima facie* case against him, then his life was staked upon the decision the jury should make as to his credibility. In view of this, and of the fact that it is matter for grave hesitation whether or not the circumstantial evidence upon which the verdict was based is sufficient to exclude every reasonable hypothesis of his innocence, we can not conclude otherwise than that the misdirection in said seventh instruction constituted substantial error.

In our opinion the instruction did not fairly and justly submit to the jury the question of the credibility of the defendant.

It appears from the record that several witnesses introduced on behalf of the People stated, some on their direct examinations and some on their re-examinations by the prosecution, over the objections of the defendant, what they had testified to at the coroner's inquest, and it also appears that like statements were also made by several witnesses on their cross-examinations. The defendant asked the court to instruct the jury as follows:

"The court instructs the jury that what any witness or witnesses may have testified to before the coroner's inquest is no evidence of the guilt of the defendant in this case."

The court refused to give said instruction. This was error. It was expressly so held in *Ritter* v. *The People*, 130 Ill. 255. It was there held, that where witnesses are examined at the trial of a person for crime as to what they had sworn to before the coroner, the answers of such witnesses can only be considered by the trial jury in weighing their testimony as to the facts sworn to before the trial jury, and not as establishing independent facts testified to on a former occasion. We find no other error in the rulings of the court upon the instructions.

Various objections are urged to rulings of the court made during the examination of the witnesses. In view of the discretionary powers with which trial courts are necessarily invested in respect to the conduct of trials and examination of witnesses, we are inclined to the opinion that there was no substantial error in any of said rulings.

The view we have taken of the case will necessitate another trial, and we have therefore refrained from any discussion of the testimony.

For the errors in instructions indicated herein, the judgment is reversed and the cause remanded.

*Judgment reversed.*