LILLIE VALE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 12, 1896.*

1. EVIDENCE—*sufficiency of, to identify money described in indictment for larceny.* Testimony that the owner of property, described in an indictment for larceny as treasury notes, national bank bills, greenbacks and gold and silver coin, had "130," consisting of "two fifties and three tens," is insufficient to identify the money as that charged to have been stolen.

2. SAME—*compelling defendant to testify to trial of her husband for crime.* Compelling a woman accused of larceny, against her objection, to testify that her husband was tried for murder and acquitted the previous year, without evidence to connect her with the charge against her husband, is reversible error.

3. INSTRUCTIONS—*demeanor of defendant on trial for larceny.* An instruction, on a trial for larceny, that the jury may take into consideration the demeanor and conduct of the defendant during the trial, is erroneous.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

.DANIEL DONAHOE, and JAMES HARTNETT, for plaintiff in error.

MAURICE T. MOLONEY, (T. J. SCOFIELD and M. L. NEWELL, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error was convicted in the Criminal Court of Cook county of the crime of larceny. The value of the property stolen was fixed at $130, and she was sentenced to confinement in the penitentiary for the period of seven years.

The evidence of the larceny introduced by the prosecution consisted of the testimony of Moses Jacoby that the plaintiff in error was with him in a basement saloon at 170 Madison street, Chicago, a little after midnight, July 2, 1894; that his money was lost at that time, and that he saw the money in her hand. She denied the larceny, and testified that she was not in the saloon. The only persons present in that place at the time of the alleged larceny were Jacoby, the woman who was with him, and the bar-tender, and upon a motion for a new trial plaintiff in error introduced the affidavit of the bar-tender, stating that he had a good view of the woman who was in the saloon while Jacoby was hunting with a match on the floor for his money, and that he knew positively that said woman was not the plaintiff in error.

The property described in the indictment, and charged to have been stolen, consisted of United States of America treasury notes, bank bills (commonly called national

currency) issued by national banks, bank bills (commonly called greenbacks) issued by the treasury of the United States of America, and certain gold and silver current coin of the United States of America. The only evidence introduced at the trial as to the kind, character or value of the money was the following in the testimony of Jacoby: "Q. How much did you have?—A. 130. —Q. In what denominations was the money?—A. Two fifties and three tens." There was not a particle of evidence that the money was either treasury notes, national bank bills, greenbacks or gold or silver coin, or any evidence of its value or amount in dollars or any other denomination of money. The evidence was insufficient to identify any money claimed to have been taken with any of the property described in the indictment and charged to have been stolen, and this must be done. *Williams* v. *People*, 101 Ill. 382.

At the trial plaintiff in error was compelled, against her objection, to testify that her husband was tried for murder, and acquitted, the previous year. There was no evidence to connect her with the charge against her husband. Her admission in answer to the question would naturally be prejudicial to her interests, and the action of the court in compelling her to answer was wrong.

The same instruction condemned in *Purdy* v. *People*, 140 Ill. 46, was given to the jury, by which they were told that they had the right to take into consideration the demeanor and conduct of plaintiff in error during the trial. It should not have been given.

Other alleged errors are discussed by counsel, but notice of them would be useless. The evidence was not conclusive, and for the prejudicial errors already noticed the judgment must be reversed and the cause will be remanded.

*Reversed and remanded.*