THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BEN S. BARNARD, Plaintiff in Error.

*Opinion filed October 22, 1927—Rehearing denied Dec. 8, 1927.*

1. CRIMINAL LAW—*what constitutes larceny as bailee.* Where an owner parts with the title as well as the possession of goods, expecting something else in return which he fails to receive, it is a case of fraud, only; but where he parts with the possession, only, though voluntarily, and expects the same goods to be returned to him or be disposed of on his account or in a particular way as directed or agreed upon, the goods may under such circumstances be feloniously converted by the bailee, and such conversion may relate back and make the taking and conversion larceny.

2. SAME—*when prospective purchaser is guilty of larceny as bailee.* Where a prospective purchaser receives a shipment of goods for the purpose of purchasing at a price to be agreed upon after his examination and valuation of the goods, he is bound to return the shipment intact if a price cannot be agreed upon, and where he does not do so but substitutes other and inferior goods in place of those received he is guilty of larceny as bailee.

3. SAME—*what instruction as to credibility of witnesses is improper—reversal.* An instruction that in determining the credibility of any witness the jury may consider "any circumstances that tend to shed light upon his credibility" is erroneous when not limited to circumstances appearing in evidence or the conduct of the witness while testifying, but where the instruction by its language is made to apply to all witnesses heard on the trial the error in giving it will not require a reversal.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

327—20

Charles W. Fleming, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, Elmer O. Furrow, State's Attorney, and Virgil L. Blanding, (O. W. Longenecker, and Louis J. Bremer, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of Vermilion county of the crime of larceny as bailee and brings error to reverse the judgment.

The complaining witness, Orlando K. Taylor, on or about December 30, 1926, shipped by express to plaintiff in error, at Danville, Illinois, two packages of furs,—a sack containing five mink, fifteen raccoon, twenty opossum and twenty-five muskrat hides, and a box containing twenty-five skunk hides. Enclosed with the shipment were invoice stubs showing the number of pieces of furs. On one appeared an endorsement in the complaining witness' handwriting, "Hold separate," and on the other this notation: "Hold separate; wire returns as soon as graded; want flat prices; enclosed find my card to show I am a dealer," and signed, "O. K. Taylor, Jacksonville, Ill., Dec. 30, 1926." On December 31, 1926, plaintiff in error sent the following telegram to the complaining witness: "Your furs arrived; your section is central; shall I take them to account at my flat prices as per my latest price list? Wire immediately." To this telegram the complaining witness replied by wire: "Your message received regarding my furs; yes, grade; hold separate; quote flat prices per your latest price list; answer to-night, if possible." To this plaintiff in error on that day replied by wire: "Retel do you want to sell on grade or at my flat prices, which are, for your section, muskrats $2, free kits and damaged mink $12, opossum $1.25, raccoon $8.50 for ones and twos, skunk $2, free poor blues and trash; immediately wire acceptance." To

this the complaining witness replied on the same day: "I want to sell those furs at flat prices, but hold separate and wire total amount of your offer." On the morning of January 1, 1927, plaintiff in error wired the complaining witness as follows: "Your furs are a picked-over lot; the best and choicest skins are missing; I cannot buy them on a flat basis; they are also soft, green and tainted; must have been heated; cannot be returned until Monday; they need immediate attention or they will spoil; can pay for entire lot $190; hold them separate as you request at your own risk; wire immediately." The testimony for the People is that on the following morning the complaining witness endeavored to telephone plaintiff in error but without success and on the following day went to Danville to interview him, and was told by him that he had returned the furs to Jacksonville. Returning to Jacksonville the complaining witness went to the express office in company with John S. Green, who assisted in packing the furs in the original shipment. Obtaining the return shipment they took it to the complaining witness' home, where they unpacked it, and then discovered that in the return shipment from plaintiff in error six raccoon hides and one mink hide of inferior quality had been substituted for the original hides shipped plaintiff in error. On January 6, 1927, the complaining witness, with Green, who helped him unpack the furs, and C. E. Huff, a deputy State game warden in the employ of the Department of Conservation, went to Danville, taking with them the substituted furs, and offered to return them to plaintiff in error, who refused to receive them and ordered the complaining witness and Green out of his place of business. The deputy game warden then entered plaintiff in error's place with the complaining witness and Green. An argument ensued between Huff and plaintiff in error, which, however, was without result. On complaint of Taylor plaintiff in error was indicted, tried and convicted of the crime of larceny as bailee.

Plaintiff in error assigns and argues four errors: First, the verdict of the jury is contrary to law; second, there was error in the admission of evidence; third, there was error in giving one of the instructions for the People; and fourth, the remarks of the assistant State's attorney in his closing argument to the jury were prejudicial to the rights of plaintiff in error.

Plaintiff in error contends that he cannot be convicted of the crime of larceny as bailee for the reason that he received the furs as a purchaser, and that the complaining witness, by shipping the furs to him, parted not only with the possession but with the title. It is conceded that the complaining witness shipped the furs to plaintiff in error with the view of selling them to him, but the telegrams herein set out disclose that the latter did not purchase them and that the title was not transferred from the complaining witness. Plaintiff in error testified that he returned to Taylor all of the furs shipped to him. That plaintiff in error at no time had title to the furs is shown by his telegram of January 1, in which he says: "Your furs are a picked-over lot; * * * I cannot buy them on a flat basis; * * * cannot be returned until Monday; * * * can pay for entire lot $190; hold them separate as you request at your own risk; wire immediately."

The question of fact whether plaintiff in error returned the identical hides shipped to him by the complaining witness, Taylor, has been decided against him. In his assignments of error argued here he does not complain that the verdict is contrary to the evidence and a further analysis of the evidence is unnecessary. The question is, "Is he guilty of larceny as bailee?" His contention is that as a matter of law he is not guilty of larceny as bailee. The rule is, that if the owner of goods alleged to have been stolen parts with both their possession and title to the alleged thief, expecting something other than such goods to be returned to him, neither the taking nor the conversion is

felonious, but can, at most, amount only to fraud. If, however, the owner parts with the possession, though voluntarily, but does not part with the title, expecting and intending that the same thing shall be returned to him or that it shall be disposed of on his account or in a particular way as directed or agreed upon for his benefit, the goods may, under such circumstances, be feloniously converted by the bailee, and such conversion may relate back to and make such taking and conversion larceny. (*Aldrich* v. *People,* 224 Ill. 622; *Bergman* v. *People,* 177 id. 244; *Steward* v. *People,* 173 id. 464; *Doss* v. *People,* 158 id. 660; *Quinn* v. *People,* 123 id. 333; *Johnson* v. *People,* 113 id. 99; *Murphy* v. *People,* 104 id. 528; *Stinson* v. *People,* 43 id. 397; *Welsh* v. *People,* 17 id. 339.) It seems clear from the evidence in this case that plaintiff in error received the shipment of furs from Taylor as bailee for the purpose of purchasing at a price to be agreed upon between them, and if they could not agree upon a price plaintiff in error was bound to return the shipment intact. This the jury has found he did not do, and unless reversible error appears in the record upon other assignments the conviction must stand.

It is next argued that there was error in the admission of evidence. Complaint is made that certain testimony of the witness Huff, a deputy game warden, was erroneously admitted, to the prejudice of plaintiff in error. Huff's testimony was that he went with Taylor to plaintiff in error's place of business after the latter had refused to receive the furs alleged by Taylor to have been a substitution. He detailed a conversation with plaintiff in error, and it is in the admission of certain parts of this conversation that error is claimed. Huff stated that he said to plaintiff in error: "I am just here under orders from Springfield and complaints have been made. * * * The reason I was there in the office was, I was under orders on this complaint. * * * I told Mr. Barnard I was there under orders from Springfield * * * and that they had told me to take action."

Upon objection the court ruled that only such conversation as the witness had with plaintiff in error as related to the transaction was competent and that as to everything else the objection was sustained. The witness further stated that he told plaintiff in error: "I was there to see him, and tried to straighten up this matter between him and Mr. Taylor and asked if there wasn't something could be done about this; that I had orders to revoke his license, * * * and complaints had come in to Springfield." Counsel for defendant objected, and the court ruled, "What was said with reference to this transaction is competent; leave everything else out." The witness also stated that when he told plaintiff in error that he was there to try to get an adjustment between him and Taylor he replied: "You came in my place once before, not as a gentleman, and you didn't get anywhere with that in that case." It is urged that this testimony is objectionable for the reason that it gave the jury to understand that plaintiff in error had been guilty of a separate offense. If the statement of Huff was true it disclosed only a conversation with plaintiff in error in which the latter first referred to another case. Nothing appears to have been said by either party as to the nature of the former case, and the evidence does not disclose that Huff charged plaintiff in error in that conversation with any offense whatever. It appears from his testimony that the complaints referred to as coming in to Springfield were those relating to this case. We find no reversible error in this matter.

Plaintiff in error next complains that the court erred in giving one instruction asked and given for the People. This instruction told the jury that they were the sole judges of the credibility of witnesses. It is a stock instruction, and instructed the jury, among other things, that they should, in determining the credibility to be accorded any witness, consider "any circumstances that tend to shed light upon

his credibility." This instruction was erroneous, in that it was not limited to circumstances appearing in evidence or the conduct of such witness while testifying. (*People* v. *Toohey,* 319 Ill. 113.) It was by its language made to apply to all witnesses heard on the trial, and we are unable to see wherein it was more prejudicial to the defense than to the State. We are of the opinion that we would not be justified in reversing this judgment for such reason.

Plaintiff in error also contends that the remark of the State's attorney in his closing argument, "This defendant has been causing a lot of trouble; why, even the fish and game warden was sent here to investigate to see if he had license to do business," was prejudicial error. An objection to the remark of counsel was sustained by the court but there was no ruling on the motion of plaintiff in error to instruct the jury to disregard the remark. The remark was too broad, in that it inferred other "trouble" than that arising out of the instant case. Such inference, however, could be based, so far as the record shows, only on Huff's testimony as to plaintiff in error's statement to him concerning another case. The remark was not, therefore, of such a nature and character as to prejudice or inflame the jury against plaintiff in error and does not constitute reversible error. The question of fact to be found by the jury was whether plaintiff in error substituted the raccoon and mink hides or whether he returned to the complaining witness the hides shipped him. The jury found against plaintiff in error.

From the entire record we find no reversible error, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*