DAVID L. SKINNER & CO., Inc., et al. v. NANTASKET BEACH STEAMBOAT CO., et al.

No. 2832.

Circuit Court of Appeals, First Circuit.

July 24, 1933.

MORTON, Circuit Judge, dissenting in part.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is a petition for leave to appeal under section 24b of the Bankruptcy Act, as amended May 27, 1926, 11 USCA § 47 (b), from orders of the bankruptcy court for the District of Massachusetts.

The petition consists of a mere statement that the petitioners consider themselves aggrieved by an order made and entered in the District Court of Massachusetts on June 19, 1933, and by an order made and entered in said court on the 26th day of June, 1933, from which they hereby appeal for reasons specified in an assignment of errors filed in this court with the petition, and praying that the appeal be allowed and that a transcript of the record, proceedings, and papers upon which the proceedings were based, duly authenticated, be sent to this court.

What the nature of the case is in which the orders were made, except for the title of the case, or what the nature of the orders were, so far as anything contained in the petition, this court is left in ignorance.

From the assignment of errors, however, an inference may be drawn that upon the filing of a petition in bankruptcy the alleged bankrupt and certain receivers appointed in the superior court of Massachusetts appeared and answered, whereupon a motion was filed by the petitioners that the issues raised by the petition and answers be heard and determined as soon as may be, but that the District Court refused and ordered the hearing "not to be held before September 15, 1933."

There was also filed a document purporting to be a "Statement of the Case," signed by the solicitors of the petitioners, but not under oath, setting forth in skeleton form what transpired in the District Court.

Not being under oath, this court cannot be compelled to take cognizance of any facts set forth therein. What the facts were on which the District Court made its orders, and whether the petitioners were thereby aggrieved, this court cannot determine from the petition and assignment of errors alone.

A petition for leave to appeal under section 24b, which right must be exercised in the manner and form of an appeal, should set forth sufficient facts under oath to make it appear that the petitioners may have been aggrieved by the rulings of the District Court, and if the petitioners propose to ask this court to determine the issue on appeal at the same time it hears the petition, in case an appeal is allowed, the petition should be accompanied by a transcript of the record in the District Court duly authenticated, and the record forwarded to this court be made as full as though the case came up on appeal under section 24a or section 25, 11 USCA § 47 (a) or § 48, and due notice given to the opposite party of the petitioner's intent.

A regular course of proceeding in such case should be established. While this court has adopted no rule covering the proceedings in such cases, a petitioner should either state sufficient facts in his petition under oath, together with the ruling of the court, accompanied by an assignment of errors, or, if desirous of an immediate hearing on the appeal, if allowed, should accompany his petition by a transcript of the record in the District Court duly authenticated. Brown's Guide, § 740. The petitioners in this case have done neither.

But while the petition and "Statement of the Case" do not comply with what we think should be the practice under section 24b of the Bankruptcy Act, since the petitioners may not have sufficient time to file a new petition under section 24b after the filing of this opinion, Broders v. Lage (C. C. A.) 25 F.(2d) 288, and since an order continuing the hearing on the petition in bankruptcy and the respondents' answers to an indefinite date more than three months beyond the completion of the pleadings, may be in violation of section 18d, 11 USCA § 41(d) of the act, which requires the issues raised by the petition and answers to be determined "as soon as may be," see Adams v. Foster, 5 Cush. (Mass.) 156; Bentley v. Ward, 116 Mass. 333; Silverstein v. Daniel Russell Boiler Works, 254 Mass. 137, 140, 149 N. E. 705, and the petitioners may be aggrieved thereby, and as counsel have, we think, so far agreed upon certain facts sufficient to warrant this court in its discretion to allow an appeal, the appeal is allowed; but before passing upon the issues raised by the assignment of errors, a transcript of the record in the District Court, as in case of an appeal under section 24a, and section 25, must be transmitted to this court. Hyman v. Meifert (C. C. A.) 57 F.(2d) 861.

Inasmuch as both parties at the hearing on the petition stated orally and fully the facts out of which these proceedings arose, and as to the material facts there was no sub-

stantial disagreement, and counsel on both sides then presented their respective contentions by oral argument, and respondents' counsel was granted further time to file a brief on the single question of law involved, viz., whether a postponement of a hearing on the issues raised by a petition in bankruptcy and the answer thereto for more than three months and without fixing a definite date thereafter for such hearing, is a violation of section 18d of the act; now when the record is completed and filed in this court, the case may be treated as submitted on the oral arguments heretofore presented and the briefs already filed. Permission, however, is granted to both parties to file further briefs within ten days after the record is filed in this court.

An appeal is allowed as prayed for.

MORTON, Circuit Judge (dissenting in part).

I disagree with the last paragraph of the foregoing opinion. The appellee has never had a chance to argue the case orally on the merits, and it is entitled to one if it desires it (Rule 25). The discussion at the time when the application for leave to appeal was presented cannot fairly be regarded as an "argument," as that word is used in legal proceedings. No discussion of the merits was open or was called for, on the papers then before the court. There was nothing to argue on— no record of the proceedings in the lower court, and no statement of facts except an ex parte statement not under oath made by the appellant. The appellee had no notice that the merits were to be discussed, no opportunity for preparation, and no reason to believe that the merits would be gone into. Its counsel remonstrated against being forced into a discussion of them. On the equities of the matter, as far as I can gather them, I see no occasion for extraordinary disregard of settled rules of procedure in the interest of the appellant. In my opinion the matter should stand for hearing in due course.