(No. 25804.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY MOSES, Plaintiff in Error.

*Opinion filed Dec. 12, 1940—Rehearing denied February 5, 1941.*

WM. SCOTT STEWART, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and A. B. DENNIS (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Plaintiff in error, Henry Moses, was indicted with Meyer Cohen in the criminal court of Cook county for larceny.

The indictment consisted of three counts and the offense charged in each count related to the same transaction. The first count charged larceny as bailee of an automobile, the property of Sam Pantaleo, the second, larceny by embezzlement as agents, and the third, simple larceny. The value of the property was alleged to be $940. Cohen was not apprehended. Plaintiff in error waived trial by jury and, on hearing, the court made a general finding that plaintiff in error was guilty of larceny and the value of the property was fixed at $940. Motions for a new trial and in arrest of judgment were overruled and plaintiff in error was committed to the penitentiary for an indeterminate term of one to ten years. A writ of error has been sued out of this court to review the record.

The evidence shows that Meyer Cohen was engaged in some kind of an automobile business under the name of Meyer Motor Acceptance and plaintiff in error had a working arrangement with him, the details of which are not shown. Sam Pantaleo negotiated with plaintiff in error for the purchase of a new Buick automobile and about May 1, 1939, a sale was completed and a Buick automobile delivered. Pantaleo gave his used automobile and $950 cash for the new car. The certificate of title issued by the Secretary of State was in Pantaleo's name under date of May 5, 1939. A few days following the delivery of the automobile to Pantaleo, he telephoned plaintiff in error the car was 'pumping oil.' Plaintiff in error called and left a car for Pantaleo's use and took the Buick. Pantaleo testified it was taken for repairs and was to be returned to him. Plaintiff in error stated the automobile did not need repair but that Pantaleo was displeased with the car and desired a smaller one and engaged plaintiff in error to sell it; that he came into possession of the property with Pantaleo's consent and with the intent that the title to the property should be vested in him for the purpose of sale. Soon after plaintiff in error acquired possession of the automobile he began

negotiating with Herman L. Winograd for the sale of a Buick car. The negotiations were completed May 15 and plaintiff in error delivered the Pantaleo car to Winograd on the representation that it was a new car and received in exchange Winograd's used car and $500 in cash.

It is not denied that subsequent to plaintiff in error's acquiring possession of the Pantaleo car, but before May 15, Pantaleo made two or more inquiries about his automobile and that plaintiff in error told him it had been sent to the factory in Michigan for repairs. May 16, Pantaleo made further inquiry about the return of his property and on that date plaintiff in error proposed he would give him back his money and delivered to Pantaleo a check signed "Meyer's Motor Sales, by Meyer Cohen." On the reverse side was the endorsement "in full payment for 1939 Buick car, Sam Pantaleo."

On presentment for payment the check was dishonored for insufficient funds. Pantaleo complained to plaintiff in error that the check was worthless and plaintiff in error promised to return the Buick car. June 9, Pantaleo received a judgment note for $950 from plaintiff in error, signed Meyer Motor Acceptance, by Henry Moses, Meyer Cohen. Later, Meyer Motor Acceptance paid $200 on the note.

The only point urged for reversal is that the Buick automobile came into the possession of plaintiff in error by the consent of the owner and with the intent that the title should pass for the purpose of making a resale. From this it is argued that such facts do not constitute larceny.

To sustain a conviction on the count charging larceny as bailee it was necessary the evidence show there was a bailment and that the property was held by plaintiff in error as bailee. (*People* v. *Robinson,* 352 Ill. 596; *People* v. *Wildeman,* 325 id. 99.) If personal property is delivered by one person to another under an agreement that the same property is to be returned to the person delivering it in the same or an altered form, the contract is one of bailment

and the title to the property remains in the bailor. If the property is delivered with no obligation resting upon the one receiving the property to restore the specific property and he is at liberty to return another thing of equal value or the money value, the title to the property passes to him and he is not a bailee. *People* v. *Robinson, supra; People* v. *Wildeman, supra; Richardson* v. *Olmstead,* 74 Ill. 213.

In the application of the above principle of bailment to a criminal action of larceny by bailee it is an established rule that if the owner of goods alleged to have been stolen parts with both the possession and the title of the goods to the alleged thief expecting something other than such goods to be returned to him, neither the taking nor the conversion amounts to larceny, and this is true where the owner is induced to part with the title and the possession through the fraud and misrepresentation of the alleged thief. If, however, the owner parts with the possession although voluntarily, but does not part with the title, expecting and intending that the goods shall be returned to him or disposed of in some particular manner as directed or agreed upon for his benefit, the goods may, under such circumstances, be feloniously converted by the bailee and such conversion relates back and makes the taking and conversion a larceny. *People* v. *Barnard,* 327 Ill. 305; *Aldrich* v. *People,* 224 id. 622; *Bergman* v. *People,* 177 id. 244; *Johnson* v. *People,* 113 id. 99; *Welsh* v. *People,* 17 id. 339.

Pantaleo's evidence that plaintiff in error took the car to have it repaired makes it clear that it was delivered to him with the understanding that it was to be repaired and returned to the owner. Such a transaction constituted a bailment and the title to the automobile remained in Pantaleo and plaintiff in error's conversion of it constituted larceny by a bailee. *People* v. *Barnard, supra; People* v. *Robinson, supra.*

If plaintiff in error's evidence be taken as presenting the true version of the transaction, he came into the possession

of the automobile as a factor or agent engaged to sell or dispose of the property for the benefit of Pantaleo. He stated that Pantaleo was to be paid the difference between the amount received from the larger car and the costs of a smaller car. No other terms were specified. In such case the rule is that one acting as a factor or agent for another may receive property in the capacity of bailee. The possession of the property is passed to the bailee with authority to dispose of it by sale or otherwise as directed or agreed upon for the benefit of the bailor. In such cases the title to the property in the hands of the bailee remains in the bailor until the property is sold or disposed of in accordance with the authority given. (*People* v. *Barnard, supra; People* v. *Robinson, supra.*) Under plaintiff in error's own evidence, the court may have found that he was acting as factor or agent for Pantaleo in the sale of the property; that the title to the propery remained in Pantaleo and that plaintiff in error feloniously converted it to his own use.

Plaintiff in error's argument that he was convicted of simple larceny and that such offense necessitated proof that the taking and conversion of the property was without the consent of the owner can not be sustained. The statute which defines the offense of larceny by bailee and larceny by embezzlement declares that one who commits such offense shall be deemed guilty of larceny. While each constitutes a separate offense under the statute and evidence of one offense will not support a conviction on a count charging the other offense, yet a general finding of guilty of larceny is sufficient if the evidence warrants a conviction under any count. *People* v. *Greben,* 352 Ill. 582.

For the reasons assigned the judgment of the criminal court is affirmed.

*Judgment affirmed.*