(No. 27459.—▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL GARRAHEY, Plaintiff in Error.

*Opinion filed Nov. 19, 1943—Rehearing denied Jan. 13, 1944.*

JAMES E. DANIELS, and CAMERON LATTER, both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of the crime of larceny as bailee. He brings the cause here for review. On the trial before the court without a jury he offered no proof and was found

guilty. The value of the property stolen was found to be $1800.

The facts as shown by the State are as follows: Complaining witness was a widow, 66 years of age. She came to Chicago from Chesterton, Indiana, with the intention of investing in Chicago real estate. She met plaintiff in error in a tavern in Chicago where he was tending bar, and told him she had entered into an agreement to purchase certain property in Chicago. He endeavored to persuade her not to complete the transaction. Later he accompanied her to her home in Indiana where she withdrew $3900 from the bank, $100 in cash and the balance in a cashier's check. Returning to Chicago complaining witness and plaintiff in error went to a Chicago bank where she cashed the check and placed the money in an envelope which she hid in her bosom. On the trip from the bank to the tavern where plaintiff in error was employed, she showed him the money. When they arrived at the tavern he told her to remain in the cab while he went inside. After a few minutes she left the cab and went into the tavern where she found plaintiff in error and one Scales, the owner of the tavern, talking. She told plaintiff in error she lost $100 while in the cab and he told her she would lose all of her money if she wasn't careful and she better let him take care of it; that he and Scales told her it would be perfectly safe; that plaintiff in error took the money from her and put it in the safe and told her to go get something to eat, which she did. She returned in the evening and asked for the money and plaintiff in error told her that Scales had the combination of the safe and that he could not open it. She returned the next morning and found Scales and plaintiff in error and she asked again for her money and Scales told her he had given the money back to plaintiff in error who said he was returning it to her when he was "rolled" for it in an alleyway. After several days of attempting to have her money returned to

her, plaintiff in error told her he had paid $2000 of it to Scales and several days later Scales paid her the $2000 and she gave him a receipt for it. She did not recover the $1800.

The only question raised on this record is whether the evidence shows the relationship of bailor and bailee as existing between complaining witness and plaintiff in error. It is argued that the evidence does not so show and therefore plaintiff in error could not be found guilty of larceny as bailee.

The testimony clearly indicates, and without dispute, that the complaining witness turned over the $3800 to plaintiff in error for safekeeping. Her conversation with plaintiff in error and Scales shows that she intended, and they knew she intended, to have the money returned to her upon request. She was later paid $2000 of the money by Scales, which he admitted receiving from plaintiff in error. Whether the money was turned over to plaintiff in error as a bailment was a question of law and fact to be determined by the court, and we think the evidence amply supports the conclusion of the court on that issue.

The rule, well established, is that if the owner of property parts with both possession and title, expecting a return of something other than the property delivered, such is a transaction upon which larceny as bailee may not be founded, but where the owner parts with possession but not with the title, expecting the property shall be returned, such property may, under such circumstances, be feloniously converted by the bailee. Such conversion relates back to the taking as a bailment and constitutes larceny as bailee. *People* v. *Barnard,* 327 Ill. 305; *Aldrich* v. *People,* 224 Ill. 622; *Doss* v. *People,* 158 Ill. 660.

No error has intervened requiring retrial of this cause. The judgment is affirmed.

*Judgment affirmed.*