DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1915.

---

## Harry Surface, Appellee, v. Chicago, Milwaukee & St. Paul Railway Company and Chicago, Indiana & Southern Railroad Company, Appellants.

### Gen. No. 5,865.

1. RAILROADS, § 364*—*what provisions of lease of right of way are valid.* A provision of a lease of a portion of a right of way, stating that the lessee assumes the risk of damage by fire, is valid between the parties thereto and enforceable like any other provision in a contract.

2. LANDLORD AND TENANT, § 404*—*when subtenant bound by provisions of lease.* While there is no privity of contract between a landlord and a subtenant, such subtenant is charged with notice of the terms of the lease, and is bound by its conditions.

3. APPEAL AND ERROR, § 1491*—*when exclusion of evidence reversible error.* In an action against a railroad for the destruction of property by fire, where a lease restricting the railroad's liability was excluded when competent, and the court gave an erroneous reason for such exclusion operating to mislead the defendants and prevent them from making proof technically sufficient as a foundation for secondary evidence, the action of the court was reversible error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. RAILROADS, § 364*—*what is effect of condition of lease releasing railroad from liability for fire.* A stipulation of a lease of a portion of a right of way stating that the railroad was not liable for damages by fire escaping from engines operated upon the lessor's railway cannot be construed as protecting merely the railroad and leaving its agents and servants liable.

5. ASSIGNMENTS, § 31*—*when action may be brought in name of assignor.* While section 18 of the Practice Act (J. & A. ¶ 8555) permits the prosecution by the owner of a non-negotiable chose in action in his own name, he is not precluded from bringing the action in the name of his assignor.

6. PAYMENT, § 24*—*how pleaded and proved.* Payment may be pleaded specially or proved under the general issue.

Appeal from the Circuit Court of Putnam county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed April 15, 1914. Rehearing granted and opinion filed January 6, 1915.

BARNES & MAGOON and BOYS, OSBORN & GRIGGS, for appellants; R. J. CARY, O. W. DYNES, C. S. JEFFERSON and WALLACE J. BLACK, of counsel.

BUTTERS & ARMSTRONG, GEORGE W. HUNT and BARGER & HICKS, for appellee; C. O. CARLSON, of counsel.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

Appellee, Harry Surface, about May 12, 1910, purchased from the Illinois Granaries Company, a corporation, a grain elevator building with its machinery and some appurtenant buildings used in connection with handling grain, all located on the right of way of the Chicago, Indiana & Southern Railroad Company, one of the appellants; the bill of sale evidencing the transaction so stated the location of the property without stating by what right, if any, it was there situated. The property so purchased was destroyed by fire July 9, 1910, which fire is charged to have been communicated from a locomotive engine of the Chicago, Milwaukee & St. Paul Railway Company, the other appel-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lant, while operated by it upon the railroad of the Chicago, Indiana & Southern Railroad Company, by virtue of some authority from that Company. This suit was brought against both Companies to recover for the loss so sustained, and a trial resulted in a verdict and judgment of forty-two hundred dollars against both defendants, from which judgment they prosecuted this appeal.

The Illinois Granaries Company was at the time of the sale occupying the ground on which the building sat under a lease from the Chicago, Indiana & Southern Railroad Company, describing by metes and bounds a tract about thirty by two hundred feet, for a term of five years beginning December 1, 1906, at a nominal rental of five dollars per annum. It was provided in the lease that the premises should be used exclusively for the purpose of receiving, storing, handling and shipping grain, coming to or shipped by the lessee over the railway of the lessor, and that the lessee "assume the risk of all loss and damage to the buildings, * * * their contents, and to property or material placed or stored by said lessee on or adjoining said premises, which may arise from fire escaping from engines operated upon the railway of lessor, * * * that the lessor shall in no event be or become liable for any loss or damage that may occur, or be caused, at any time to the property or employees of the lessee, or to any other person or persons who are not employed by the lessor or to their property, by reason of, or in the use of, the railway track now or hereafter laid upon or adjacent to the premises hereby leased, or by the men, engines, cars or other means or agencies employed or engaged in the use thereof in connection with any business of or for the lessee, whether said loss or damage be caused by the negligence of the lessor or its employees or otherwise."

That this provision of the lease, against liability for fire, is valid between the parties thereto, and en-

forceable according to its terms like any other pro-
vision in a contract, is so well settled by the case of
Checkley v. Illinois Cent. R. Co., 257 Ill. 491, and the
principles of law and the authorities there so fully dis-
cussed, that further citation of authority is unneces-
sary. In this and many other cases dealing with the
subject is found the expression, in substance, that
the railway company is under no obligation to permit
the structure to be placed on its right of way, and, if
it does permit it, it has the right to impose this re-
striction upon its liability for loss by fire.

A copy of the lease was offered in evidence by the de-
fendants below, and on objection excluded by the
Court. The controlling question here is whether the
Court erred in so doing. It is contended by appellee
that he is in no wise bound by the provisions of that
lease; that while the stipulation that the railway com-
pany should not be liable for loss by fire may be bind-
ing as between the parties to the lease, that he as the
purchaser of the property did not become a party to the
lease and that there is no privity of contract between
him and the railway company, and he cites authorities
to the effect that there is no privity of contract be-
tween a sublessee and the original lessor, and that the
sublessee is not bound by covenants in the original
lease; and it is true that as to certain covenants in
leases a sublessee is not bound because of no privity of
contract; but while there is no privity of contract be-
tween the landlord and a subtenant, still subtenants
are charged with notice of the terms of the lease, and
are bound by its conditions. 24 Cyc. 986. This gen-
eral principle, and that the sublessee acquires no
greater right in the premises than that of the original
lessee, is sustained in the authorities cited in Cyc. and
often repeated in cases that may be found by refer-
ence to the volume of annotations supplementing Cyc.
We said in Large v. Wabash R. Co., 168 Ill. App. 310,
where we had a similar question before us, that the

purchaser knew the building was on defendant's right of way, and that it must be there by virtue of some arrangement express or implied; and he was bound to know, at his peril, by what right the building was there. Appellee insists that this decision is based on neither principle nor authority and that it should not be followed. It seems to us supported by the authorities above cited, and on principle much more reasonable than the position that the protection contracted for by the lessor should be entirely lost if the lessee should sublet or sell the building erected under the conditions prescribed in the lease. If the railway company had permitted the erection of the building on its right of way and attempted to protect itself from liability for fires that might be set from its engines by providing that the building should be constructed fireproof, it would hardly occur to anyone to argue that a sublessee might construct a frame building because by reason of no privity of contract he was not bound by that provision of the lease, and we see little difference in principle between the case supposed and the one before us in that respect. There is no claim that appellants or either of them were responsible in any way for appellee's purchase of the property. Appellee testified that he knew it was on the railroad right of way, and, as we have seen, it was so recited in his bill of sale. We are of the opinion that he had no greater rights against appellants than had his grantor, the original lessee. He was seeking to recover of a railway company damages for an injury to his property found on its right of way. It seems material to know why the property damaged was there. If it was wrongfully there the duty of the company to not damage it is quite restricted; if it was rightfully there then the duty of the company is fixed and determined by the conditions imposed in permitting it to be and remain there. We are of the opinion that the lease in ques-

tion was competent and very material evidence in the case.

The copy of the lease was offered in evidence by appellants and objected to by appellee on the grounds: That the Chicago, Milwaukee & St. Paul Railway Company is not a party to it or protected by its covenants; that the Chicago, Indiana & Southern Railroad Company by its conduct had made it incompetent as to it; that the evidence showed that the lease had been surrendered before the fire, "and furthermore there had been no proper foundation laid for its introduction as an instrument in evidence on behalf of either defendant." The Court took the question under advisement. There was considerable testimony offered on the question whether the original lease had been surrendered and cancelled before the fire and as to the present whereabouts of the paper itself, in which it appeared that there had been a former partial trial of the case in the same court; that the original lease had been used on that trial and was thought to have been left with the clerk of the court but could not now be found. There was also evidence tending to show that the original lease might then be in possession of the Chicago, Indiana & Southern Railroad Company, at its office in Cleveland, Ohio. Then the lease was reoffered and the objection renewed and the court still kept the matter under advisement until about the end of the trial, when the court announced to counsel that in his opinion the lease was not competent evidence on behalf of the defendant Chicago, Milwaukee & St. Paul Railway Company; that it was uncertain under the evidence whether it was cancelled before the fire but he thought he ought not to permit it to go to the jury and he would sustain the objection to its admission; whereupon appellants' counsel reoffered the copy of the lease on the part of each defendant, and plaintiff entered a general objection which the Court sustained, adding "that the Court does not sustain it upon the ground

that the proper foundation has not been laid to introduce secondary evidence.''

Counsel for appellee strongly insist that the action of the Court is sustained on the ground that there was no sufficient evidence of the loss of the original·lease, or that the copy offered was a true copy, to warrant the introduction of secondary evidence, and they say it is immaterial what reason the Court gave for his ruling if the decision was correct. This is true as a general principle, but in the instruction of testimony, where, as in this case, the burden of the argument is not that the evidence is secondary but that it is incompetent and irrelevant, we assume if a trial judge, on a motion for a new trial, found that he was mistaken in holding against the party offering the instrument on the main question and had advised him that he would not permit the introduction of the copy for the reason that the original was not competent and that he was not ruling against him because of his failure to lay a proper foundation for secondary proof, that he would grant a new trial on that ground, and that the Court in this case would not have everruled the motion for a new trial had he been of the opinion that he was in error in the reasons he gave for sustaining the objection to this evidence. Being of the opinion that the Court was in error in his view of the case as shown by the record in his statement to counsel, and that appellants may have been misled by such statements and for that reason failed to make proof technically sufficient as a foundation for secondary evidence, we are inclined to hold it reversible error.

There was evidence tending to show that the lease had been surrendered and other evidence tending to show that it had not. On another trial the facts connected with that transaction will no doubt more fully appear, but on this record the most that can be said for appellee on that question is that the evidence left it in doubt and therefore the Court was not warranted

in assuming the fact in ruling on the introduction of evidence. We are of the opinion that the stipulation as to damages by fire "which may arise from fire escaping from engines operated upon the railway of lessor," and against "loss or damage that may occur * * * by reason of, or in the use of the railway track," etc., is available as a defense to the Chicago, Milwaukee & St. Paul Railway Company. It is literally within those provisions, and as said by appellee in his brief to have been operating by virtue of some authority, license, consent or permission of the Chicago, Indiana & Southern Railroad Company. It may be more clearly shown on another trial why the St. Paul Company was there operating its engine. The Court instructed the jury at the instance of appellee that if the Chicago, Milwaukee & St. Paul Railway Company was found guilty of negligence causing the fire, then they should find both defendants guilty, and refused to instruct the jury on the request of appellants that if the fire was set by an engine of the Chicago, Indiana & Southern Railroad Company then they should find both of the defendants not guilty. If the Chicago, Indiana & Southern Railroad Company permitted the engine of the other defendant upon its tracks under circumstances and conditions that made it responsible for its acts, it would seem that the stipulations in the lease should apply to both companies. It seems to us that the stipulations cannot be construed as protecting merely the corporation from liability for negligence and leaving its agents and servants liable.

No error being assigned on the giving or refusing of instructions, we therefore do not pass on them. There is some argument as to the action of the Court in sustaining demurrers to pleas, and there is confusion in the argument, and perhaps in the record, as to just what was done in that regard. We may say, for the purpose of another trial, that if it be a fact that the claim of appellee was assigned by him to an insurance

company before this suit was brought, we do not regard that as a defense to the prosecution of this action in the name of appellee. While section 18 of our Practice Act (J. & A. ¶ 8555) permits the prosecution by the owner of a non-negotiable chose in action in his own name, we do not understand that he is precluded from bringing the action in the name of the assignor under the practice established before the enactment of that statute. Appellants in their arguments claim to have filed pleas to the effect that the claim had been settled and discharged before suit was brought and that the Court refused to sustain such pleas. The general rule is that payment may be pleaded specially, or proved under the general issue; but on another trial the defendants should be permitted, if they deem it necessary, to file such further pleas as in their judgment are required to present their defense.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*