## Hyman Byalos, Appellee, v. Harold Matheson, Appellant.

## Gen. No. 31,087.

1. INSURANCE—*when payment of not a bar to action against garage owner.* Payment of insurance to the owner of a stolen automobile is no bar to an action by him against the owner of a garage from which his car was stolen and damaged.

2. EVIDENCE—*admissibility as to insurance on car in action for damages thereto.* Defendant garage owner in action against him for damages to an automobile stolen from his garage cannot inquire into the owner plaintiff's insurance as such evidence was inadmissible.

3. INSURANCE—*right of subrogation.* ·Any sum which an ·owner might recover for damage to his automobile from a garage owner defendant through whose negligence the car was stolen would belong to the insurance company which had paid the owner insurance thereon.

4. INSURANCE—*right of action as subrogee.* Under Cahill's St. ch. 110, ¶ 18, providing action can be brought in the name of an assignee of a chose in action, an action for damage to a car against the owner of a garage from which it was stolen could have been brought by the company which insured the car as justly subrogated to the rights of the owner by payment of insurance to him.

5. INSURANCE—*right of action for damages to insured property.* Under Cahill's St. ch. 110, ¶ 18, providing an action can be brought in the name of an assignee of a chose in action, an automobile owner could bring an action for damage to his car against the owner of the garage from which it was stolen though the car owner had been paid insurance for the loss.

6. BAILMENTS—*burden of proving freedom from negligence where property stolen.* Garage owner, defendant in action by car owner for damages to his car stolen from the garage, was a bailee of the automobile stolen and has the burden to prove, in order to overcome plaintiff's prima facie case of delivery of the car and failure to return it, that he was guilty of no negligence.

7. DAMAGES—*automobile repair bill as prima facie reasonable.* Automobile repair bill of a regular repairman, made necessary by car being stolen from garage of defendant, which the evidence showed was paid by the owner and no suspicion affected the charges, is prima facie proof of a reasonable charge in an action by the car owner against the garage owner.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN F. HAAS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Affirmed. Opinion filed December 29, 1926.

GALLAGHER, SHULMAN, ABRAMS & HENRY, for appellant.

KREMER, BRANAND & HAMER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against Arnold Matheson and Harold Matheson, copartners, doing business as Wal-

ton-Kedzie Garage to recover damages he had sustained by reason of damage done his automobile. The case was dismissed as to Arnold Matheson and a finding and judgment entered against the defendant Harold Matheson for $170.

The record discloses that the defendant was conducting a public garage in Chicago; that plaintiff bought a new automobile and kept it in the defendant's garage. After he had it for a few weeks, it was stolen from the garage and some time later plaintiff recovered it at Racine, Wisconsin. When the car was left by plaintiff in the garage, it was practically a new car and in good condition, but when he recovered it after the theft, it was so damaged that it required $156 to repair it. Upon the recovery of the car by plaintiff, he took it to an agency in Chicago which repaired that make of cars. The repairs which were rendered necessary on account of the car being stolen were made by the automobile agency for which it charged $156, which plaintiff paid. The balance of $170 was made up of items of expenses incurred by plaintiff in recovering the car. Plaintiff testified in his own behalf, and on cross-examination stated that the car was insured at the time of the theft and that he had been paid the amount of the damage by the insurance company. The defendant sought by further cross-examination to bring out more facts in reference to the insurance, but upon objection by counsel for plaintiff he was not permitted to do so.

The defendant contends that plaintiff, having been paid by the insurance company, cannot recover in this case, because he has already received satisfaction for the damage done. In support of this the case of *Steele v. Buck,* 61 Ill. 343 is cited. That case was a suit upon a bond conditioned for the return of a vessel and it was charged the vessel was not returned. The defense was that since the loss resulted by the act of God, the vessel having been destroyed by a storm,

there was no liability on the bond. The court held this contention untenable and discussed at considerable length the authorities on this proposition, which was substantially the only controversy in the case. In the last paragraph of the opinion, the court said that if the vessel had been insured and the money paid the owner of the vessel, it was conceded that recovery could not be had upon the bond. This was all that was said on the subject, so that it appears that the point contended for by the defendant was not in issue and, therefore, was not decided in that case. We think it is the law where an automobile is placed in a garage and is stolen, through the negligence of the defendant so that he is liable, the fact that the owner of the car has it insured and has been paid his insurance, is no bar to an action by the owner against the garage keeper. *Allen & Arnink Auto Renting Co. v. United Traction Co.*, 91 Misc. 531, 154 N. Y. S. 934. And we are further of the opinion that any evidence on the question of insurance of the car in question was inadmissible. Plaintiff having been paid the amount of his loss by the insurance company, any recovery he might have against the defendant would belong to the insurance company, although it was not named in the action, the insurance company being subrogated as a matter of law to plaintiff's right. Under section 18 of our Practice Act [Cahill's St. ch. 110, ¶ 18] as amended by the Act of 1915, which was in effect at the time this suit was brought, under the facts in this case, an action might be brought in the name of the owner of the automobile or in the name of the insurance company for it would be entitled to any recovery that might be had. *Fifth Avenue Library Society v. Cavanaugh*, 186 Ill. App. 123; *Surface v. Chicago, M. & St. P. Ry. Co.*, 191 Ill. App. 261. If plaintiff were paid the judgment in this case, the insurance company might maintain an action of assumpsit against him. *Wilson v. Turner*, 164 Ill. 398; *Leigh v. American Brake-Beam Co.*, 205 Ill. 147; *Board of Highway*

*Com'rs v. City of Bloomington,* 253 Ill. 164. The rights as between the plaintiff and the insurance company are not involved in this case and they are immaterial so far as the defendant is concerned.

The defendant further contends that since the evidence discloses that the automobile was stolen from the garage, the burden was upon plaintiff to prove negligence on the part of the defendant, and that since it failed to do so, the judgment should be reversed. There are cases holding that where a bailee fails to deliver the goods bailed to the bailor and such failure is explained by the fact that the goods bailed were lost, stolen or destroyed by fire, the law will not presume negligence for failure to deliver, and the onus or burden of proving the same passes to the bailor. We had occasion to consider the authorities on this question in the recent case of *Clemenson v. Whitney,* 238 Ill. App. 308, and reached the conclusion that where goods are bailed and not returned, the fact that they have been lost, stolen or destroyed by fire is not sufficient to overcome plaintiff's prima facie case, but the defendant must go farther and show, if he can, that he was guilty of no negligence that would render him liable. We think the rule announced in that case is sound and since the evidence in the instant case does not show how the car was stolen from the garage, the most that can be said is that whether the defendant was guilty of negligence was a question of fact for the trial court, the jury having been waived.

A further point is made that the court erred in holding that the $156 paid by plaintiff for the repair of the damage was sufficient without further proof that such charges were reasonable. We have repeatedly held that where an automobile has been damaged and it is repaired by one who is engaged in the business of repairing automobiles, and the repairs made were those that were required as a result of the accident, and the bill has been presented to the

owner of the automobile and paid, and there is nothing in the evidence to cast suspicion upon the transaction, the amount paid is prima facie reasonable. *Cloyes v. Plaatje,* 231 Ill. App. 183; *Wholesale Grocers Corp. v. Richheimer Brokerage Co.,* 233 Ill. App. 64; *Darling & Co. v. Yellow Cab Co.,* 238 Ill. App. 326; *Gold v. Rousso,* 238 Ill. App. 427; *Roth v. Fleck,* 242 Ill. App. 396; *Sunbeam Beverage Co. v. Cunningham,* 242 Ill. App. 401; *Wicks v. Cuneo-Henneberry Co.,* 319 Ill. 344; *Moyer v. Vaughan's Seed Store,* 242 Ill. App. 308. So in the instant case, we think the proof was sufficient to make out plaintiff's damages.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.