Ben T. Dempsey and Edward P. Way, Appellees, v. Albert C. Thuner and American Surety Company of New York, Appellants.

Gen. No. 34,109.

Opinion filed May 26, 1930.

JAMES F. HUTCHISON, for appellants.

NING ELEY and KENNETH G. MEYER, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs brought suit against the defendants to recover damages claimed to have been sustained by them by reason of the breach of a bond signed by the defendants in appealing a judgment entered in a forcible detainer case. There was a verdict and judgment in plaintiffs' favor for $580 and the defendants appeal.

The record discloses that plaintiffs brought an action of forcible detainer against defendant Albert C. Thuner and obtained a judgment in the municipal court of Chicago. The defendant appealed to this court and gave bond as required by the statute, signed by himself as principal and by the American Surety

Company of New York, the other defendant, as surety. The judgment was affirmed by this court. *Dempsey v. Thuner,* 236 Ill. App. 619 (Abst.). Plaintiffs afterwards brought the instant case claiming that on account of the breaches of the condition of the bond by the defendants, plaintiffs had been damaged $1,-110. The condition of the bond was that "if said Albert C. Thuner shall duly prosecute his said appeal with effect, and moreover pay all rent now due or that may become due before the final determination of this suit, and also all damages and loss which the plaintiffs have sustained or may sustain by reason of the withholding of the premises in controversy and by reason of any injury done or to be done thereto during said withholding until the restitution of the possession thereof to the plaintiff together with all costs accrued or that may accrue, in case said judgment is affirmed or said appeal dismissed, then the above obligation to be void, otherwise to remain in full force and effect."

Plaintiffs' evidence was to the effect that in the spring of 1923 they were conducting a meat business at 2406 West Madison Street as tenants under a written lease which expired April 30, 1923, at a rental of $75 a month; that in March, 1923, they bought the premises at 2436 West Madison Street, then occupied by defendant Albert C. Thuner under a lease expiring April 30, 1923; that when that lease expired defendant Thuner refused to vacate the premises and did not do so until the last few days of July. Shortly after May 1, 1923, plaintiffs brought the action of forcible detainer against Thuner to recover possession of the premises, with the result above stated. The evidence is further to the effect that shortly after plaintiffs purchased the premises at 2436 West Madison Street they advised defendant Thuner of that fact and further that they expected to move their meat business on May 1 from 2406 West Madison Street into the premises. They told Thuner that if he would vacate

the premises on April 15 they would give him free rent up to that time; that Thuner said he would accept the proposition but later changed his mind and refused to vacate the premises until the latter part of July.

The evidence further shows that plaintiffs had been conducting their meat business in the immediate vicinity for about 11 years; that on account of Thuner's failure to vacate the premises at 2436 West Madison Street on April 30 and plaintiffs' inability to obtain other quarters in the locality in which to conduct their meat business, they were forced to remain in the old premises during May and June, during which time they were required to pay and did pay to the owner of the premises $250 a month as rent. At the end of the two months, apparently for the reason that plaintiffs were unable to pay such high rent, they had their fixtures moved and stored and closed up their business until defendant vacated the latter part of July.

On the question of damages the evidence was to the effect that the reasonable rental value of the premises occupied by Thuner at 2436 was $150 a month, making a total of $450 for the three months Thuner wrongfully remained in possession. The reasonable rental was testified to by two witnesses called by the plaintiffs and one witness called by defendants. Another witness called by the defendants put the rental value at a much lower figure. Plaintiffs further proved that they had paid (1) $10 Appellate Court costs in the forcible detainer suit; (2) $500 to the owners of the premises at 2406 rent for May and June; and (3) $78 for the cartage and storage of their fixtures. These items total $1,038, occasioned, plaintiffs contend, by the failure of Thuner to vacate the premises on April 30.

Defendants contend that there was no warrant for the allowance of the item of $500 or any part thereof for rent the plaintiffs paid for May and June, and that there was no warrant for the allowance of $78 cartage and storage expenses. It seems to be conceded that

plaintiffs were entitled to recover the two items of $450 and $10, or a total of $460.

Section 19, chapter 57 of Cahill's Rev. St. ¶ 20, which provides the conditions required in a bond such as the one in suit, given by the defendant in a forcible detainer case, is as follows: "If the defendant appeals, the condition of the bond shall be that he will prosecute such appeal with effect, and pay all rent then due or that may become due before the final determination of the suit, and also all damages and loss which the plaintiff may sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto during such withholding, until the restitution of the possession thereof to the plaintiff, together with all costs that may accrue in case the judgment from which the appeal is taken is affirmed or the appeal dismissed." It will be noted that the condition of the bond in suit follows the statute. It provides that in case a judgment in a forcible detainer suit from which the defendant appeals is affirmed, the defendant will pay all rent due or that may become due for the premises he wrongfully withholds until they are restored to the plaintiff, and that he will also pay "all damages and loss which the plaintiff may sustain by reason of the withholding of the premises." We think it clear that plaintiffs were entitled to recover on account of each of the four items, but that they are not entitled to recover the full $500 rent they paid for the months of May and June. The most that they could recover for this item is the excess they were required to pay over and above the reasonable rental value of their own premises, which was $100 a month. Plaintiffs, having been required to pay $250 a month during these months and having proven that the reasonable rental value of their premises was $150 a month, were damaged to the extent of this excess of $100 a month. We think the statute is plain and unambiguous, as is the bond, and does not limit the recoverable damages to court costs

and to reasonable rental value of the premises wrongfully withheld, as defendants contend.

It will be observed that the jury did not award plaintiffs the $1,038 which the evidence tended to prove was the amount of their damages, but only $580, making a deduction of $458. So that the defendants are not required to pay as much as we think the evidence warrants. But the defendants say that there was no evidence that the rental paid by plaintiffs for the months of May and June was the reasonable rental value. The evidence shows that plaintiffs were required to pay $250 a month in order to continue their business in the neighborhood. They were also required to pay the $78 for storage. In the circumstances as disclosed by the evidence, we think this was sufficient (*Cloyes v. Plaatje,* 231 Ill. App. 183; *Byalos v. Matheson,* 243 Ill. App. 60; same case affirmed 328 Ill. 269), in the absence of any countervailing evidence or suspicious circumstances.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.