Lillian Lindor, Appellee, v. Lawrence H. Burns, Trading as Larry Burns Motor Sales et al.
Appeal of Lawrence H. Burns, Trading as Larry Burns Motor Sales, Appellant.

Gen. No. 39,363.

Opinion filed October 20, 1937.

SAMUEL G. RAUTBORD, of Chicago, for appellant.

BEVERLY & KLASKIN, of Chicago, for appellee; SAMUEL T. KLASKIN, of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment entered in the municipal court finding defendants, Lawrence H. Burns, doing business as Larry Burns Motor Sales, William Johmsy, doing business as L Auto Service, liable for the loss and destruction of plaintiff's automobile and assessing plaintiff's damages at $443. The cause was tried before the court without a jury.

The evidence shows that on June 1, 1935, the plaintiff's automobile was taken to the Larry Burns Motor Sales, one of the defendants, for repair, it having been damaged in an accident; that the said automobile was sent by that company to one William Johmsy, doing business as L Auto Service, the other defendant named in this suit, for the purpose of having some work done on the frame of the car as the defendant Burns did not have the equipment to do the work.

The evidence further shows that while the automobile was in the possession of Johmsy and his workmen were endeavoring to make the necessary repairs, and were using an acetylene torch, the automobile caught fire and was destroyed; that both defendants have re-

fused to compensate plaintiff for the loss of her car and hence this suit was brought.

It is the contention of the plaintiff that the status of Lawrence H. Burns, to whom the car was first delivered, was that of bailee for hire or one of mutual benefit and that where bailment for mutual benefit is created and established the bailee is chargeable with the duty of exercising ordinary care over the article entrusted to him; that where the loss and destruction of the automobile was proved by bailor plaintiff and admitted by bailee Burns, a presumption of negligence against the said bailee was thereupon created and the bailee must overcome said presumption by offering evidence to show that he was not negligent.

It is the contention of the defendant Burns that the plaintiff having knowledge that they were to deliver the car to Johmsy for services, exempted Burns from liability to plaintiff.

It is agreed by both sides that the car was in the possession of Johmsy as bailee for hire for mutual benefit and that the fire which destroyed the automobile was caused by the acetylene torches used by the defendant Johmsy while repairing the car.

There was some evidence introduced to show that it was customary in making certain repairs on automobiles to use acetylene torches. The use of acetylene torches on automobiles, it would seem to us, would require care and caution because of the close proximity with the usual grease, oil and gasoline contained in the average automobile, in order to avoid just what happened in the instant case, its destruction by fire.

Where an automobile is destroyed under circumstances such as are herein set forth, a presumption of negligence on the part of the bailee is created and the bailee must overcome such presumption by sufficient and adequate evidence to show that he was not guilty of any negligence.

The law is that where a bailor makes out a prima facie case of negligence as against a bailee, by showing that the goods bailed had not been returned upon demand, such prima facie case is not overcome by a showing to the effect that the goods had been burned or otherwise destroyed. But, before such prima facie case can be said to have been overcome, the bailee must produce such evidence as will establish the fact that the loss was occasioned without his fault.

In the case of *Clemenson v. Whitney*, 238 Ill. App. 308, at page 312, the court in citing from the case of *Miles v. International Hotel Co.*, 289 Ill. 320, said: "The weight of modern authority holds the rule to be that where the bailor has shown that the goods were received in good condition by the bailee and were not returned to the bailor on demand the bailor has made out a case of prima facie negligence against the bailee, and the bailee must show that the loss or damage was caused without his fault. (*Cumins v. Wood*, 44 Ill. 416; *Schaefer v. Washington Safety Deposit Co.*, 281 Ill. 43.)" *Schaefer v. Washington Safety Deposit Co.*, 281 Ill. 43, was an action which was brought to recover an amount of money which was lost after the same had been placed in a safety deposit box of the safety deposit company. The court in its opinion, said: "The undisputed evidence was that the box was in the exclusive control of the defendant and that the plaintiff could not obtain access to it except by signing a slip at the office and giving her key to the person in charge of the vaults. Under such conditions we see no reason to depart from the ordinary rule that where a bailee receives property and fails to return it the presumption arises that the loss was due to his negligence, and the law imposes on him the burden of showing that he exercised the degree of care required by the nature of the bailment."

In the instant case the defendants offered no evidence which would excuse them from the application of this rule. Upon the trial defendants attempted to show

that the automobile was insured by a fire insurance company and that the plaintiff had been compensated by the insurance company for the damages sustained by the burning of the automobile and that, consequently, plaintiff was not entitled to recover in this cause of action. The court sustained objections to questions and answers offered for the purpose of proving that the automobile had been insured. In this we think the court was correct.

In the case of *Byalos v. Matheson,* 243 Ill. App. 60, which is a case similar to the instant case, the court at page 63, said: "We think it is the law where an automobile is placed in a garage and is stolen, through the negligence of the defendant so that he is liable, the fact that the owner of the car has it insured and has been paid his insurance, is no bar to an action by the owner against the garage keeper. *Allen & Arnink Auto Renting Co. v. United Traction Co.,* 91 Misc. 531, 154 N. Y. S. 934. And we are further of the opinion that any evidence on the question of insurance of the car in question was inadmissible. Plaintiff having been paid the amount of his loss by the insurance company, any recovery he might have against the defendant would belong to the insurance company, although it was not named in the action, the insurance company being subrogated as a matter of law to plaintiff's right. Under section 18 of our Practice Act (Cahill's St. Ch. 110, Par. 18) as amended by the Act of 1915, which was in effect at the time this suit was brought, under the facts in this case, an action might be brought in the name of the owner of the automobile or in the name of the insurance company for it would be entitled to any recovery that might be had. *Fifth Avenue Library Society v. Cavanaugh,* 186 Ill. App. 123; *Surface v. Chicago, M. & St. P. Ry. Co.,* 191 Ill. App. 261. If plaintiff were paid the judgment in this case, the insurance company might maintain an action of assumpsit against him. *Wilson v. Turner,* 164 Ill. 398; *Leigh v. American Brake-Beam Co.,* 205 Ill. 147; *Board of*

*Highway Com'rs v. City of Bloomington,* 253 Ill. 164. The rights as between the plaintiff and the insurance company are not involved in this case and they are immaterial so far as the defendant is concerned.''

We think the trial court properly excluded the evidence with relation to the payment of any insurance to the plaintiff. We are further of the opinion that the automobile having been delivered to the defendants as bailees, and said automobile having been destroyed and not returned, that the destruction of said automobile was caused as the result of the negligence of the said bailees, no sufficient evidence having been submitted to overcome that presumption.

For the reasons herein stated the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and HALL, J., concur.