Clarence Scherb, Appellant, v. Randolph Wells Auto
Park, Inc., Appellee.

Gen. No. 40,586.

Opinion filed October 3, 1939.

ARTHUR W. KLEIN, of Chicago, for appellant; JOHN O. WILKINSON and JOSEPH HARROW, both of Chicago, of counsel.

SAMUEL J. WINOGRAD, of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

In an action on contract of bailment for the negligent loss of an Oldsmobile automobile stored with defendant in its parking station at 208 West Randolph street, Chicago, on December 11, 1935, and upon trial by jury, at the close of the evidence the defendant made a motion for an instruction in its favor, which was reserved. The cause was submitted to the jury, which returned a verdict for plaintiff in the sum of $700. Defendant then made a motion for judgment notwithstanding the verdict which was allowed by the court. Plaintiff's motions for a new trial and in arrest were denied, and judgment entered for defendant, from which plaintiff appeals.

There is practically no conflict in the evidence, which shows defendant was, at the time in question, conducting a parking station for the storage of automobiles, at Randolph and Wells streets in Chicago; that on December 11, 1935, plaintiff delivered his automobile to the servants of defendant, then in possession of and conducting the parking station; that after attending the theater with his family on the same evening he called at defendant's parking station for his automobile and presented the ticket which had been delivered to him acknowledging the receipt of it; that neither the servants themselves nor they with the as-

sistance of plaintiff and members of his family could find the automobile; that defendant called the police, who took one of defendant's servants to the police station; that on January 6, 1936, thereafter the automobile was found in possession of a thief, who was not an employee of defendant. There was no explanation of how the automobile was taken out of defendant's place of business, but defendant's description of the parking lot indicates that it must have been by one of the driveways passing defendant's office.

The record shows the court was of opinion that since the evidence showed the auto was stolen from the parking station by some person other than an employee of defendant, and since there was evidence tending to show that defendant used some care in selecting its employees, defendant was not liable under the law, as stated in *Rhodes v. Warsawsky,* 242 Ill. App. 101, and other similar cases. In *Clemenson v. Whitney,* 238 Ill. App. 308 (opinion by Mr. Justice THOMSON) the court reviewed the Illinois authorities from *Cumins v. Wood,* 44 Ill. 416. The opinion states: "Of course the burden of proof is on the plaintiff to prove his or her case, and it remains there throughout the trial and never shifts to the defendant. That is true on the issue of negligence in a bailment case. But when the plaintiff has made out a prima facie case, as is done in a bailment case merely by showing delivery of the bailed goods to the bailee and failure of the latter to return them on demand or delivery in a damaged condition, then the burden of proceeding with the evidence falls on the defendant and remains there until the plaintiff's prima facie case is overcome. The real question is, *what must the defendant show,* in order to overcome the prima facie case of negligence made out by the plaintiff? Is it sufficient to show the bare fact that the bailed articles have been burned up or stolen while in the bailee's possession? Obviously not. They may have been lost in either of those ways by reason of the

gross negligence of the bailee himself or his servants. If the bailed articles have been burned up or stolen while in the bailee's possession, the prima facie case made out by the plaintiff's proof that the bailee has failed to return the articles upon demand is not met or overcome unless the bailee shows that the fire or robbery was not due to his carelessness or that he has exercised the degree of care called for by the nature of the bailment. The reasons for that rule are clearly set forth by our Supreme Court in the *Cumins* case and we have already quoted them.''

Thereafter, this court granted a certificate of importance in the case of *Byalos v. Matheson*, 243 Ill. App. 60, the certificate stating that there was diversity of opinion among the different Appellate Courts on the question of on whom lay the burden of proof where suit was brought by a bailor against the bailee for failure to return the bailed article when the defendant interposed as a defense that the goods had been lost, stolen or destroyed by fire. In its opinion the Supreme Court said, 328 Ill. 269: ''In the early case of *Cumins v. Wood*, 44 Ill. 416, the court held that where the bailor shows he has stored goods in good condition with the bailee and they were returned to him damaged or not returned at all, the law presumes negligence of the bailee unless he shows the loss did not result from his negligence. (*Schaefer v. Safety Deposit Co.*, 281 Ill. 43; *Miles v. International Hotel Co.*, 289 id. 320.)'' That rule has been followed by the Supreme and Appellate Courts in later cases. *Lederer v. Railway Terminal & Warehouse Co.*, 346 Ill. 140; *Till v. Material Service Corp.*, 288 Ill. App. 103, and *Lindor v. Burns*, 292 Ill. App. 201.

It is well settled that upon a motion for judgment notwithstanding the verdict, under the Civil Practice Act, Ill. Rev. Stat. 1939, ch. 110, § 68, ¶ 192, subpar. 3a [Jones Ill. Stats. Ann. 104.068], the trial court has no authority to weigh and determine controverted ques-

tions of fact; that in the consideration of such a motion the court is governed by the rules applicable to a motion for a directed verdict. *Capelle v. Chicago, N. W. R. Co.,* 280 Ill. App. 471; *Illinois Tuberculosis Ass'n v. Springfield Marine Bank,* 282 Ill. App. 14, and *Emge v. Illinois Central R. Co.,* 297 Ill. App. 344. The question presented by such a motion is whether there is any evidence to sustain plaintiff's case, and plaintiff is entitled to the benefit of all the facts the evidence tends to prove and all just inferences that can be drawn therefrom most favorable to his case. *Libby, McNeill & Libby v. Cook,* 222 Ill. 206; *Blumb v. Getz,* 366 Ill. 273. Upon such a motion the plaintiff is not limited to his own evidence. He is entitled to the benefit of all evidence favorable to him, whether produced by him or by the defendant. *Math v. Chicago City Ry. Co.,* 243 Ill. 114.

We hold that under the evidence in this case the question of defendant's negligence was for the jury and that the court ought not to have decided this issue of fact as a matter of law. *Styburski v. Riverview Park Co.,* 298 Ill. App. 1; *Roberts v. Economy Cabs, Inc.,* 285 Ill. App. 424.

Complaint is made as to the evidence tending to prove damages. The evidence shows that the car was a new Oldsmobile; that it cost plaintiff $1,050, was a 4-door, 5 passenger sedan; that it was purchased in June prior to its loss, and that it had run about 5,000 miles. The evidence also shows that when the car was found it was completely demolished, the entire top gone, both front wheels smashed in and all the glass broken. The car was towed in and plaintiff received for it in trade for a new car $50. There was also expert evidence as to the value of the auto when found. This was sufficient.

It would serve no useful purpose to discuss all the cases cited in the briefs. The law on this subject is

well settled and clearly stated in the authorities. The evidence abundantly justified the verdict, and it was error for the court to enter judgment for defendant notwithstanding. The judgment is therefore reversed and the cause remanded with directions to enter judgment on the verdict for plaintiff.

*Reversed and remanded with directions.*

McSurely and O'Connor, JJ., concur.