Standard, Inc., Appellant, v. Frank I. Kirby, Trading as Columbus Park Garage, Appellee.

Gen. No. 42,453.

Opinion filed May 10, 1943.

Dwork & Epton, of Chicago, for appellant; Saul A. Epton and Arnold S. Kabaker, both of Chicago, of counsel.

Eugene R. Ward, of Chicago, for appellee.

Mr. Presiding Justice Matchett delivered the opinion of the court.

Plaintiff is the owner of an automobile, a Pontiac, 1937 make. Leo Seelig, who lives in Chicago, is president of plaintiff. Defendant owned and for 25 years operated a garage in Chicago, known as the Columbus Park Garage. Plaintiff was a tenant and for several years kept his car in defendant's garage. There were two entrances. Defendant assigned to plaintiff a stall about 100 feet back from the office, which was between the two entrances. Defendant had three employees in the business. At least two persons were on duty at any particular time. A particular stall was assigned to plaintiff for storing its automobile and plaintiff kept it there at all times. Plaintiff paid $15 a month rent to defendant, and this included furnishing to plaintiff an attendant to drive the car home upon request. It was not unusual for Mr. Seelig to drive the car to the garage, turn the motor off, leave the keys in the ignition, and walk out. He did this on October 6, 1940, when he took the car to this garage at about 3:00 p. m. He drove the car into the garage as usual. He says he left it "on the slab" and went home. He did not call the attendant at that time and, as a matter of fact,

never called him on such an occasion. There was someone present, but Seelig did not know him. He was not, he says, the night man. The man was in the office. When Seelig brought the car into the garage he left it on the floor "toward the rear," and on the side he usually left it. Mr. Seelig came back the next morning at 7 o'clock. The car was not there. He asked the night man what had become of it. The night man said he did not know and called defendant on the telephone. Defendant came over, and Mr. Seelig told him what had happened. Defendant said he did not know what had happened to the car "and that he couldn't understand it." Mr. Seelig then went to the Fillmore Street Police Station and reported the loss. The automobile was found by the police at Green Bay, Wisconsin, in a damaged condition. The parties stipulate that the damage amounted to the sum of $195.10.

Defendant does not question the law as stated in *Byalos v. Matheson*, 243 Ill. App. 60, aff'd 328 Ill. 269; *Scherb v. Randolph Wells Auto Park, Inc.*, 301 Ill. App. 298, and *Clemenson v. Whitney*, 238 Ill. App. 308. These cases follow the early case of *Cumins v. Wood*, 44 Ill. 416, where it was held that where the bailor shows he has stored goods in good condition with the bailee and the goods are returned to him damaged or not returned at all, the law presumes negligence of the bailee unless he shows the loss did not result from his negligence.

Defendant, however, contends that he was at no time the bailee of the automobile, for the reason that it was never in fact delivered to him. In making this contention defendant overlooks the admission of his own pleadings. Paragraph 1 of his answer admits the plaintiff stored its automobile in defendant's garage, and in paragraph 3 "admits that any and all times when said automobile was in the possession of the defendant he was merely a bailee for the same." Fur-

ther, in paragraph 2 the defendant asserts the facts to be that "on the last day that said automobile was left in said garage for storage, said automobile was subsequently removed from said garage by the plaintiff." The evidence also shows the car was delivered to defendant.

Facts alleged and not denied are admitted and denials must be specific. The law in the cases cited is applicable to the facts here alleged, admitted and proved. There is no evidence tending to overcome the presumption of negligence arising from the proof of facts showing the delivery of the automobile at defendant's place of business and the failure to deliver it the next morning when it was called for.

The judgment will be reversed and the cause remanded with directions to the trial court to enter judgment for plaintiff and against defendant for the sum of $195.10.

*Reversed and remanded with directions to enter judgment for plaintiff.*

O'CONNOR and McSURELY, JJ., concur.