ALLIS-CHALMERS CORP. *et al.*, Plaintiffs-Appellants, *v.* PEKIN FOUNDRY & MFG. CO., Defendant-Appellee.

(No. 73-315; ▮▮▮▮▮▮▮▮▮▮)

Third District—September 16, 1975.

McConnell, Kennedy & McConnell, of Peoria (Thomas Kennedy, Sr., of counsel), for appellants.

Westervelt, Johnson, Nicoll & Keller, of Peoria (Thomas G. Harvel, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs-appellants, Allis-Chalmers Corp. and Harnischfeger Corp., brought an action to recover damages from defendant-appellee, Pekin Foundry & Mfg. Co., arising from the destruction of plaintiffs' wood and metal foundry patterns while stored in defendant's warehouse. The circuit court of Tazewell County entered judgment in favor of defendant

pursuant to a directed verdict entered at the close of all the evidence. This appeal is from that judgment.

■■ This case raises the question whether or not, in a suit by a bailor against a bailee, for damage to or destruction of the bailed property, once the bailor has made out a prima facie case based on the doctrine of res ipsa loquitur it is sufficient to warrant a directed verdict for the bailee if he shows the damage or destruction of the goods was caused by fire or the cause of the damage was a mystery, or whether such a showing is insufficient to shift the burden to the bailor but to require the bailee to show that the fire or mysterious damage was not the result of his negligence. We think the latter is the case and so hold.

Plaintiffs, in their amended complaint, allege they owned certain wood and metal foundry patterns which were stored by the defendant in its warehouse near Powertown, Illinois, in a bailment for the mutual benefit of both plaintiffs and of defendant; the defendant was under a duty to exercise ordinary diligence for the safety of such foundry patterns; on April 16, 1970, a fire occurred at defendant's warehouse damaging and destroying all of said foundry patterns; the aforementioned warehouse and contents at the time it caught fire was in the exclusive control, care, custody and management of the defendant; and in the normal course of events the plaintiffs' foundry patterns would not have been damaged if the defendant had been exercising ordinary care with regard to maintaining and keeping said warehouse and contents while in its control and said fire resulted from the negligence of defendant. Defendant denies all the foregoing.

Various witnesses testified on both sides. At the conclusion of plaintiffs' case defendant moved for a directed verdict. Both plaintiffs and defendant moved for a directed verdict at the close of all the evidence. The trial court denied plaintiffs' motion for directed verdict at the conclusion of all the evidence, allowed the defendant's motion for directed verdict and judgment at the conclusion of all the evidence, and directed verdict for the defendant with the following opinion:

"Well, as I indicated earlier, we have here a bailment for the mutual benefit of the parties. We have a fire occurring and destroying the personal property which is the subject matter of the bailment. The property is in the control of the defendant. And I believe at the close of the plaintiffs' case there was shown—a sufficient showing to indicate that the principle of res ipsa loquitur would apply so that there would be a presumption at this point of some negligence. This is a burden which arises. It is an evidentiary matter, whereupon the defendant may go forward with evidence which the defendant did in this case, went forward with

evidence.  * * *  I think the language of the Court in the COLLGOOD case wherein it quotes the ERCKMAN vs. NORTHERN ILLINOIS GAS COMPANY, at the bottom of pages 916, stating that, 'as to res ipsa loquitur the inference may be strong, requiring substantial evidence to overcome it; or it may be weak, requiring little or no evidence to refute it.' Now it is the Court's feeling in this case that the inference created at the close of the plaintiffs' case here is a weak inference. And we have had evidence tending to show on the part of the defendant, his operation of the building, the control of the building, the limitation of access, the location of it, the type of construction of a fireproof type. And it is the Court's belief that the weak inference first appearing here has been overcome. And on the evidence at this point the Court has to ask itself whether if a Jury were to return a verdict for the plaintiffs in this case, whether the Court could allow that verdict to stand.  * * *  I believe in this case, on the evidence before me, and as I understand the law, that I would not be in a position to allow a verdict to stand for the Plaintiffs. And for that reason the Court believes that a verdict should be directed for the defendant at the close of all the evidence.  * * *"

■■ In *Miles v. International Hotel Co.*, 289 Ill. 320, 327-28, 124 N.E. 599, the court said:

"The weight of modern authority holds the rule to be that where the bailor has shown that the goods were received in good condition by the bailee and were not returned to the bailor on demand the bailor has made out a case of *prima facie* negligence against the bailee, and the bailee must show that the loss or damage was caused without his fault."

We believe this quotation represents fundamental bailment law.

Thereafter, in *Oscar Heyman & Brothers, Inc., v. Marshall Field & Co.*, 301 Ill.App. 340, 346-48, 22 N.E.2d 776 the appellate court said:

"Before discussing these authorities we think we ought to say that the argument made by counsel for defendant (to the effect that where a bailor proves he has delivered goods to the bailee and they are not returned on demand, the law presumes negligence on the part of the bailee unless he shows that the goods were lost, stolen or destroyed by fire, and that if the bailee makes such proof then the burden of showing negligence on the part of the bailee is on the bailor) is not the law. In such case the bailee, before he is relieved from liability, must show that the loss, theft or destruction by fire was not the result of any negligence on his part; (*Clemenson v. Whitney*, 238 Ill.App. 308; *Byalos v.*

*Matheson,* 243 Ill.App. 60, affirmed in 328 Ill. 269; *Till v. Material Service Corp.,* 288 Ill.App. 103; *Lindor v. Burns,* 292 Ill.App. 201) although we might say there are a number of authorities from other States and some opinions of other Appellate Courts of this State sustaining defendant's contention.

In the *Clemenson* case this court reviewed the authorities and held that a bailor suing for the value of property lost must in all cases prove that the bailee was negligent; but that when he shows the goods entrusted to the bailee's care were not delivered upon demand, he has made out a prima facie case or created a presumption of negligence which the bailee may overcome by offering evidence showing he was not negligent. * * * *Cumins v. Wood,* 44 Ill. 416, and other authorities, refused to follow *Nichols v. Union Stock Yards & Transit Co.,* 193 Ill.App. 14, and said (p. 315): 'The fallacy of such a doctrine seems apparent. Why should the bare showing that the loss of the bailor's goods was through a robbery of the bailee's premises or their destruction by fire, "prima facie exonerate" the bailee when it may well be that a loss from either of these causes may have been due directly to the carelessness and negligence of the bailee himself?' * * * '* * * The real question is, *what must the defendant show* in order to overcome the prima facie case of negligence made out by the plaintiff? Is it sufficient to show the bare fact that the bailed articles have been burned up or stolen while in the bailee's possession? Obviously not. They may have been lost in either of those ways by reason of the gross negligence of the bailee himself or of his servants. If the bailed articles have been burned up or stolen while in the bailee's possession, the prima facie case made out by the plaintiff's proof that the bailee has failed to return the articles upon demand is not met or overcome unless the bailee shows that the fire or robbery was not due to his carelessness or that he has exercised the degree of care called for by the nature of the bailment.' * * * So it would seem that the question ought to be settled and put at rest."

As to the applicable presumption in a bailor's case of res ipsa loquitur, we find the following illuminating passage in *Sheets v. Star Cleaners & Dyers, Inc.,* 238 Ill.App. 323, 325-26:

"The defendants contend that the trial judge held that they were insurers. We have carefully examined the record and find nothing that would warrant this contention. The charge made against the defendants was based on the ground of negligence.

We think it clear under the law that the *evidence offered on behalf of the defendants* showed that the Star Cleaners & Dyers was guilty of negligence as a matter of fact. The testimony of the manager of the defendant, Star Cleaners & Dyers, is that the machine, which was used at the time in question and the manner of its operation were those in use by all others engaged in similar work in Chicago. This being undisputed, it is self-evident that such accidents did not ordinarily occur and the rule of law in this State in such cases that proof of an injury to person or property occurring as the proximate result of an act, which under ordinary circumstances would not, if done with due care, have injured any person or property, is enough to make out a presumption of negligence. \* \* · \*

\* \* \* the machine in question was under the management and control of the bailee. What we have said assumes the machine in which the clothing was being cleaned was of the highest and most approved type, and that it was being operated properly, so that the defendant, the Star Cleaners & Dyers, is liable under the law, assuming the facts to be as contended by its counsel. But such assumption of facts is not borne out by the record, because there is no evidence that the machine had been inspected prior to the time in question or any other evidence to show that it was being properly operated. Nor does the evidence show that the machine was of the most approved type, so that neither under the law nor the facts can the defendant, the Star Cleaners & Dyers, escape liability." (Emphasis ours.)

Both parties here cite the case of *Collgood, Inc. v. Sands Drug Co.*, 5 Ill.App.3d 910, 284 N.E.2d 406, in support of their respective positions. We believe their reliance upon that case is misplaced as it would appear the facts there did not involve a bailment situation, but rather one in which the parties, in greater or less degree, may have shared the control and possession of the damaged goods, whereas we recognize that bailment cases usually stand upon their own footing and are usually considered sui generis.

As to the question of the propriety of directing a verdict for the defendant bailee in a situation where, as here, after the bailor has made out a prima facie case, the bailee has gone forward with the evidence by adducing evidence of certain respects in which he may have been in the exercise of due care, the court in *Scherb v. Randolph Wells Auto Park, Inc.*, 301 Ill.App. 298, 301-02, 22 N.E.2d 796, said:

"Thereafter, this court granted a certificate of importance in the case of *Byalos v. Matheson*, 243 Ill.App. 60, the certificate

stating that there was diversity of opinion among the different Appellate Courts on the question of on whom lay the burden of proof where suit was brought by a bailor against the bailee for failure to return the bailed article when the defendant interposed as a defense that the goods had been lost, stolen or destroyed by fire. In its opinion the Supreme Court said, 328 Ill. 269: 'In the early case of *Cumins v. Wood,* 44 Ill. 416, the court held that where the bailor shows he has stored goods in good condition with the bailee and they were returned to him damaged or not returned to him damaged or not returned at all, the law presumes negligence of the bailee unless he shows the loss did not result from his negligence. (*Schaefer v. Safety Deposit Co.,* 281 Ill. 43; *Miles v. International Hotel Co.,* 289 id. 320.)' That rule has been followed by the Supreme and Appellate Courts in later cases. *Lederer v. Railway Terminal & Warehouse Co.,* 346 Ill. 140; *Till v. Material Service Corp.,* 288 Ill.App. 103, and *Lindor v. Burns,* 292 Ill.App. 201.

It is well settled that upon a motion for judgment notwithstanding the verdict, under the Civil Practice Act * * * the trial court has no authority to weigh and determine controverted questions of fact; that in the consideration of such a motion the court is governed by the rules applicable to a motion for directed verdict. [Citations.] * * *

We hold that under the evidence in this case the question of defendant's negligence was for the jury and that the court ought not to have decided this issue of fact as a matter of law. *Styburski v. Riverview Park Co.,* 298 Ill.App. 1; *Roberts v. Economy Cabs, Inc.,* 285 Ill.App. 424."

■■ In the case at bar, as plaintiff-appellants point out in their reply brief, the evidence does not "so overwhelmingly" favor the defendant as to warrant the direction of a verdict for the bailee. There is question that any building is completely "fireproof," and even if such were the case, there was no showing that the contents, which included the plaintiffs' patterns, and which were also in the control of the bailee, were not flammable. Witnesses testified defendant's structure was built of cement blocks, with a metal roof, no windows and no ventilation, electrical wiring encased in metal conduit, three locked steel doors, no heating, etc. All this tends to show defendant was in such respects in the exercise of due care; however, it does not follow defendant was in the exercise of due care in all respects or there was no possibility of the defendant being negligent in any respect. The evidence also shows the building in question was built on the "Manito Blacktop" in a rural area, 2½ miles from

defendant's foundry, outside of a fire district, with no ventilation, no water hydrants, no water tanks, no reservoirs, and in a district that paid no taxes for fire protection and had no fire fighting equipment. There were no sprinklers or fire detection devices and no watchman was stationed in the building. In fact, it was affirmatively shown that on occasion men smoked in the warehouse.

In the light of all the evidence, some of it conflicting, we feel the question of whether or not the defendant was negligent on any relevant occasion should properly have been submitted to the jury. By this we do not mean to say that in no case would it be proper to direct a verdict for a bailee—there may be such a case—but we believe under the facts of this case as here detailed, it would have been preferable to abstain from directing a verdict and to allow the jury to find the facts.

For the foregoing reasons the judgment of the circuit court of Tazewell County is reversed and remanded for a new trial.

Reversed and remanded.

SCOTT and DIXON, JJ., concur.