(No. 81-CC-1887–

ARMBRUSTER MANUFACTURING COMPANY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed January 23, 1984.*

SORLING, NORTHRUP, HANNA, CULLEN & COCHRAN, LTD., for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim for the value of two tents owned by Claimant and leased to the State of Illinois. The tents were stolen during the term of the lease and Claimant charges the loss was due to the negligence of Respondent. The value of the tents is stipulated to be $2,378.20.

Claimant and Respondent entered into a written

lease agreement on July 24, 1980. The lease provided that Claimant deliver and erect the tents on Friday, September 5, 1980, for the Secretary of State's use at the antique auto show at a park near Springfield, Illinois. The lease also provided for Claimant to dismantle and remove the tents on Monday, September 8, 1980.

The purchase order issued by the Secretary of State's office for payment of the lease price provided for the same lease period. The tents were delivered by Claimant and erected on September 5, 1980. When Claimant returned to remove the tents on September 8, it was discovered they had been stolen by parties unknown sometime after the Secretary of State's office had ceased using them on the evening of Saturday, September 6. The facts are undisputed that Respondent provided no security or protection for the tents after the Secretary of State's personnel finished using them on Saturday evening, September 6.

By delivering the tents to Respondent under the written lease agreement, which provided the tents were to be returned to Claimant in the same condition, the lease agreement created a bailment. (*People v. Moses* (1940), 375 Ill. 336, 31 N.E.2d 585; *Nassar v. Smith* (1974), 21 Ill. App. 3d 462, 315 N.E.2d 692.) The rule upon bailment is that if Claimant proves the delivery of the tents in good condition and their non-return by Respondent, Claimant has made a *prima facie* case that Respondent has breached its duty as bailee to exercise reasonable care for the property. It then becomes incumbent upon Respondent to produce and present evidence that its agents exercised due care. If Respondent fails to do so, the *prima facie* case is sufficient to support an award for Claimant. *Watson v. Byerly Aviation* (1972), 7 Ill. App. 3d 662, 288 N.E.2d 233; *Allis-Chalmers Corp.*

*v. Pekin Foundry* (1975), 31 Ill. App. 3d 1005, 335 N.E.2d 97.

The only evidence adduced by Respondent was that it believed the lease term was only until the end of the auto show — that is, until Saturday evening. Therefore, Respondent provided security only until that time and then simply abandoned the tents. However, Respondent's own purchase order, as well as the signed lease agreement, clearly provide a term ending on Monday, September 8, 1980. Respondent presented no evidence of its due care for the safety of Claimant's property.

Award is hereby entered in favor of Claimant in the amount of the stipulated damages of $2,378.20.